IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAG ENTERPRISES, INC.,<br>203 Wembly Rd.<br>Upper Darby, PA 19082<br><br>*Plaintiff,*<br><br>v.<br><br>LEONARD RAYFORD<br>4004 Argyle Terrace NW<br>Washington, DC 20011-5301<br><br>and<br><br>JASON RAYFORD,<br>230 18th St. NW, Unit 11407<br>Atlanta, GA 30363<br><br>*Defendants.* | Civil Action No.  1:15-cv-41 |

## COMPLAINT

Plaintiff, GAG Enterprises, Inc. ("GEI"), by and through its undersigned counsel, files this Complaint against Defendants, Leonard Rayford and Jason Rayford, and states as follows:

### THE PARTIES

1. GEI is a Pennsylvania corporation, with its principal place of business located in Pennsylvania.

2. Defendant, Leonard Rayford, is an individual residing at 4004 Argyle Terrace NW, Washington, D.C.

3. Defendant Jason Rayford is an individual residing at 230 18th Street, NW, Unit 11407, Atlanta, Georgia.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under 28 U.S.C. §1332 because there is diversity of citizenship, as GEI is a citizen of the Commonwealth of Pennsylvania, Leonard Rayford is a citizen of Washington D.C., and Jason Rayford is a citizen of Georgia.

5. The total amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees and costs.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7. On or about July 1, 2007, Jerry Dale Leonard ("Leonard") entered into a Lease Agreement with Ace Check Cashing, Inc., whereby he let to Ace Check Cashing, Inc. property located and known as 220 West Street Road, Warminister, Pennsylvania (the "Subject Property").

8. A true and correct copy of the Lease Agreement is attached hereto as Exhibit "A".

9. The Lease Agreement was for a ten year term, which began on July 1, 2007, and ended on June 20, 2017, and was a triple net lease, which means that in addition to rent, Ace Check Cashing, Inc. was responsible to pay net real estate taxes on the leased asset, net building insurance and net common area maintenance.

10. The Lease Agreement provided for monthly rent to be paid as follows:

- For the payment due July 1, 2007 through June 1, 2008, $1150.00.
- For the payment due July 1, 2008 through June 1, 2009, $1190.00.
- For the payment due July 1, 2009 through June 1, 2010, $1230.00.
- For the payment due July 1, 2010 through June 1, 2011, $1270.00.
- For the payment due July 1, 2011 through June 1, 2012, $1310.00
- For the payment due July 1, 2012 through June 1, 2013, $1350.00
- For the payment due July 1, 2013 through June 1, 2014, $1390.00
- For the payment due July 1, 2014 through June 1, 2015, $1430.00
- For the payment due July 1, 2015 through June 1, 2016, $1470.00
- For the payment due July 1, 2016 through June 1, 2017, $1500.00

11. Under the terms of the Lease Agreement, Ace Check Cashing, Inc. was primarily responsible for the payment of all rents, but the non-payment of rent was guaranteed by an affiliate company of Ace Check Cashing, Inc., CW Financial of PA, LLC, and its principals, Defendants Leonard Rayford and Jason Rayford (Leonard and Jason Rayford will hereinafter be referred to collectively as the "Rayfords").

12. Jerry Dale Leonard died on June 19, 2009, and his Estate sold the Subject Property to GEI. The sale of the Subject Property included all rights to the Lease Agreement and collection of rents.

13. Following the sale of the Subject Property to GEI, rent was paid pursuant to the Lease Agreement to GEI through the payment due February 2013. After that point, however, the business being operated out of the Subject Property closed, and the rent payable as of March 2013, and each month thereafter, have not been paid.

14. The Lease Agreement provides, in pertinent part, that upon non-payment of the rents or other events of default, the "rent for the entire unexpired term of the [Lease Agreement], as well as all other charges, payments and expenses" shall become immediately due.

15. There is currently due and owing under the Lease Agreement the following sums:

- Rent for March, April, May and June 2013 @ 1350/month — $ 5,400.00
- Rent for July 2013 through June 2014 @ 1390/month — $16,680.00
- Rent for July 2014 through June 2015 @ 1430/month — $17,160.00
- Rent for July 2015 through June 2016 @ 1470/month — $17,640.00
- Rent for July 2016 through June 2017 @ 1510/month — $18,120.00
- Real Estate Taxes — $17,724.32
- Insurance — $ 8,000.00
- Water — $ 3,740.00
- Oil — $17,974.60
- Trash Removal — $ 4,800.00
- Fire Extinguisher — $    700.00
- Electric — $13,930.00

**Total: $141,768.92**

16. Demand for payment has been made, and ignored or otherwise refused.

## COUNT I – BREACH OF CONTRACT

17. GEI incorporates by reference the allegations above as though more fully set forth herein at length.

18. As set forth above, under the Lease Agreement, Ace Check Cashing, Inc. had an obligation to pay the rent due.

19. In addition, the Rayfords guaranteed the payment of the rent due under the Lease Agreement.

20. Upon information and belief, Ace Check Cashing, Inc. is no longer an ongoing entity and has ceased business operations.

21. As a result, the Rayfords are obligated under their guarantee of the Lease Agreement to make the payment due under the Lease Agreement.

22. As a direct and proximate result of the Rayfords' breach of contract, which is continuing at least to the date of this Complaint, GEI has been deprived of the benefits of the Lease Agreement.

23. GEI has complied with and fully performed all applicable terms, and conditions under the Lease Agreement.

24. In the alternative, the performance of or compliance with such terms and conditions has been waived or excused by the conduct of the Rayfords.

25. As a direct and proximate result of the Rayfords' breach of contract, GEI has sustained damages recoverable against the Rayfords in an amount equal to the rent due under the Lease Agreement, that is, the sum of $141,768.92.

WHEREFORE, GEI demands judgment against Defendants Leonard Rayford and Jason Rayford jointly and severally in the amount of $141,768.92, plus attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Dated: January 8, 2015

                                          Respectfully submitted,

                                          _/s/ Kristina Caggiano_
                                          Kristina Caggiano
                                          Duane Morris LLP
                                          505 9th St. NW Ste. 1000
                                          Washington, D.C. 20004

                                          *Attorneys for Plaintiff, GAG Enterprises, Inc.*