**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GAG Enterprises, Inc.,
    Plaintiff,
        v.
Leonard Rayford, et al.,
    Defendant.

**Civil Action No. 15-cv-00041 (CKK)**

**MEMORANDUM OPINION**
(November 24, 2015)

Plaintiff GAG Enterprises, Inc. ("GEI") filed the Complaint in the above-captioned action on January 12, 2015 against Defendants Leonard Rayford and Jason Rayford, alleging a claim of breach of contract concerning a commercial property lease. *See* Compl., ECF No. [1]. Presently before the Court is Plaintiff's Motion for Default Judgment by the Clerk as to Jason Rayford. *See* ECF No. [13]. For the reasons stated below, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Default Judgment by the Clerk.

**I. BACKGROUND**

Plaintiff's Complaint sets out the following allegations, which the Court takes as true for purposes of Plaintiffs' Motion for Default Judgment. *See Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F.Supp.2d 26, 30 (D.D.C. 2002).

On or about July 1, 2007, Jerry Dale Leonard ("Leonard") entered into a lease agreement (the "Lease Agreement") with Ace Check Cashing, Inc., whereby he let certain commercial property in Warminster, Pennsylvania (the "Subject Property") to Ace Check Cashing, Inc. Compl. ¶ 7. The Lease Agreement was for a ten-year term, beginning on July 1, 2007 and ending on June 30, 2017. Lease Agreement, Exhibit A to Complaint, at 1. The lease was a triple net lease, which means that in addition to rent, Ace Checking Cashing, Inc. was responsible to pay net

real estate taxes on the leased asset, net building insurance, and net common area maintenance. Compl. ¶ 9. Under the terms of the Lease Agreement, Ace Check Cashing, Inc. was primarily responsible for the payment of all rents, but the non-payment of rent was guaranteed by an affiliate of Ace Check Cashing, Inc., CW Financial of PA, LLC, and its principals, Defendants Leonard Rayford and Jason Rayford. *Id.* ¶ 9.

On June 19, 2009, Leonard died, and his Estate sold the Subject Property to Plaintiff. *Id.* ¶ 12. The sale included all rights to the Lease Agreement and collection of rents. *Id.* Following the sale, rent was paid pursuant to the Lease Agreement through the payment due for February 2013. *Id.* ¶ 13. After that point, however, the business operating out of the Subject Property closed, and the rent payable as of March 2013, and each month thereafter, have not been paid. *Id.* The Lease Agreement provides, in pertinent part, that upon non-payment of the rents, or other events of default, the "rent for the entire unexpired term of the [Lease Agreement], as well as all other charges, payments and expenses" shall become immediately due. *Id.* ¶ 14. According to the Complaint, there is currently due and owing under the Lease Agreement the following sums:

- Rent for March, April, May, and June 2013 at $1350/month  $5,400.00
- Rent for July 2013 through June 2014 at $1390/month  $16,680.00
- Rent for July 2014 through June 2015 at $1430/month  $17,160.00
- Rent for July 2015 through June 2016 at $1470/month  $17,640.00
- Rent for July 2016 through June 2017 at $1510/month  $18,120.00
- Real Estate Taxes  $17,724.32
- Insurance  $8,000.00
- Water  $3,740.00
- Oil  $17,974.60
- Trash Removal  $4,800.00
- Fire Extinguisher  $700.00
- Electric  $13,930.00

**Total: $141,768.92**

*Id.* ¶ 15.

On January 12, 2015, Plaintiff filed this action, alleging that Ace Check Cashing, Inc. has ceased business operations, and as a result, Defendants Jason Rayford and Leonard Rayford are obligated under the guarantee of the Lease Agreement to make payment. *Id.* ¶ 21. Plaintiff's Complaint demands judgment against Defendants Leonard Rayford and Jason Rayford jointly and severally in the amount of $141,768.92, plus attorneys' fees and costs, and such other and further relief as the Court deems just and proper. *Id.* at 5.

Plaintiff has not filed an affidavit of service as to Leonard Rayford. Accordingly, the Court shall dismiss Plaintiff's claims against Leonard Rayford without prejudice. *See* Fed. R. Civ. P. 4(m).

On February 26, 2015, Plaintiff filed an affidavit of service as to Jason Rayford. *See* ECF No. [8]. On March 17, 2015, after Jason Rayford had failed to plead or otherwise defend this action, the Clerk entered an Entry of Default as to Jason Rayford. *See* ECF No. [12]. On March 23, 2015, Plaintiff filed its Motion for Default Judgment by the Clerk against Jason Rayford that is presently before the Court. *See* ECF No. [13].

## II. DISCUSSION

Plaintiff requests that the Clerk enter a default judgment against Defendant Jason Rayford under Rule 55(b)(1). *See* Pl.'s Mot. at 1. The Court shall first discuss whether the Court has personal jurisdiction over the absent Defendant. The Court shall then discuss whether the Clerk of the Court has authority under Rule 55(b)(1) to issue a default judgment in this matter. Because the Court concludes that the Clerk does not have such authority, the Court shall also examine whether the Court can issue a default judgment under Rule 55(b)(2).

### A. Plaintiff has produced prima facie evidence to suggest that there is general jurisdiction over Defendant Jason Rayford in the District of Columbia.

The Court "should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). However, "[i]n the absence of an evidentiary hearing, although the plaintiffs retain 'the burden of proving personal jurisdiction, [they] can satisfy that burden with a *prima facie* showing.' " *Id.* at 7 (quoting *Edmond v. United States Postal Serv. Gen. Counsel,* 949 F.2d 415, 424 (D.C. Cir. 1991)). The Court must apply this minimal burden because the "absence of [] defendants counsels greater flexibility toward [] plaintiffs because it impedes their ability to obtain jurisdictional discovery." *Id.* In order to make a *prima facie* showing, "plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court" and "may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Id*.

Here, Plaintiff contends that Defendant Jason Rayford, who is domiciled in the State of Georgia, conducts "continuous and systematic business" in Washington, D.C. *See* Pl.'s Supp. Mem., ECF No. [15], at 4.[1] In support of this contention, Plaintiff has submitted several public record searches and business filings, indicating that Plaintiff is a principal of two limited liability companies—CW Financial of VA, LLC, which is registered in Virginia and CW Financial of MD, which is registered in in Maryland—which both maintain a "standard address" in the District of Columbia. *See* Exhibits to Pl.'s Supp. Mem., ECF No. [15-2]. These two companies operate under

---

[1] On October 16, 2015, the Court issued an Order requiring Plaintiff to file supplemental briefing regarding whether the Court has personal jurisdiction over Defendant Jason Rayford. *See* ECF No. [14].

the name "Cashwell," with which Defendant Jason Rayford is also associated. *See* Pl.'s Supp. Mem., ECF No. [15], at 3; Affidavit of Brett L. Messinger, ECF No. [15-1]. Plaintiff argues that insofar as each of these companies are located within the District of Columbia and conducting continuous and systematic business in the District, notions of fair play and substantial justice are not offended by the filing of a case against the absent Defendant in the District of Columbia. Pl.'s Supp. Mem., ECF No. [15], at 4.

Upon consideration of Plaintiff's arguments, the Court concludes that Plaintiff has met its burden to produce *prima facie* evidence that there is general jurisdiction over Defendant Jason Rayford in the District of Columbia. The public records submitted by Plaintiff suggest that the absent Defendant owns a business that conducts continuous and systematic business in the District of Columbia, and therefore has "purposefully avail[ed] [himself] of the privileges of conducting activities within" the District. *See* D.C. Code § 13–423; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The Court notes, however, that Plaintiff's evidence is not conclusive, as the public records for the companies indicate that the L.L.C. registered in Virginia has forfeited its status and the L.L.C. registered in Maryland has failed to pay its fees. *See* Exhibits to Pl.'s Supp. Mem., ECF No. [15-2]. Nevertheless, Plaintiff has put forward enough evidence to meet its *prima facie* burden.

To the extent that Defendant Jason Rayford may dispute these facts, he may challenge any entry of default judgment that may be entered by the Court in the future under Fed. R. Civ. P. 55(c) on the grounds of lack of personal jurisdiction. *See Mwani*, 417 F.3d at 7. Defendant may also simply "ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Id.* (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706).

5

### B. The Clerk does not have the authority to issue a default judgment in this case under Rule 55(b)(1) because the award of damages is not a "sum certain."

Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id.* This rule "carefully limits the clerk's authority to those cases where entry of judgment is purely a ministerial act" and functions for the "the obvious purpose of relieving the judge of some of his less complicated functions." *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (internal quotations omitted). The Clerk can only issue a default judgment where there is a "sum certain or a sum that can be made certain by computation," such as an amount appearing on the face of a check. *Thorpe v. Thorpe*, 364 F.2d 692, 693-94 (D.C. Cir. 1966). The Clerk may not exercise discretion he does not have, by awarding attorney's fees, s*ee Combs*, 105 F.R.D. at 475, or by awarding a judgment where the supporting documentation for damages is not clear, s*ee Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 60 (D.D.C. 2013).

Here, Plaintiff requests damages in the form of unpaid rent due under the lease, court costs, and attorneys' fees. *See* Pl.'s Mot. at 1-2. In support, Plaintiff submits an affidavit from Plaintiff's counsel, attesting (1) that the total amount due under the lease is $141,768.92; (2) that Plaintiff's court costs included a $400 docketing fee and a $177 fee to effect service, and (3) that Plaintiff's attorneys' fees amounted to $4,810. *See* Pl.'s Mot. at Exhibit B (Caggiano Aff.) ¶¶ 3-5. The affidavit states that the total amount of actual damages, costs, and fees incurred is therefore $146,978.92. *Id.* ¶ 6. Plaintiff also submits billing invoices from Plaintiff's law firm as to the work performed regarding this litigation. *See* Pl.'s Mot at Exhibit A.

The Clerk of the Court does not have the authority to enter a default judgment in this case for several reasons.  First, entry of judgment here would not constitute a "ministerial act," *Combs,* 105 F.R.D. at 474, such as issuing judgment in the amount stated on the face of a check, *Thorpe*, 364 F.2d at 693-94.  By contrast, Plaintiff seeks an award for a multitude of damages due under the Lease Agreement, including unpaid rent and real estate taxes, as well as other expenses, including insurance, water, oil, trash removal, a fire extinguisher, and electric.  Compl. ¶ 15.  Neither Plaintiff's motion, nor the affidavit from Plaintiff's counsel, reference these expenses in an itemized fashion or attest that Plaintiff in fact incurred these expenses in maintaining the Subject Property.  Furthermore, the Clerk of the Court cannot enter a default judgment in this case because the Clerk does not have discretion to award attorneys' fees.  *See Combs*, 105 F.R.D. at 475; *see also* 10 James Wm. Moore, *et al.*, Moore's Federal Practice  55.2p[4] (Matthew Bender ed. 2010) ("A claim for attorney's fees will rarely be for a 'sum certain' because, typically, a judicial determination is necessary to decide whether to award fees, and, if an award will be made, in what amount.").

Because the Clerk of the Court lacks authority to grant the complete relief requested, the Court proceeds to consider whether the Court may grant the still pending Motion for Default Judgment under Rule 55(b)(2).  *See Combs*, 105 F.R.D. at 475.

### C. The Court cannot issue a default judgment here under Rule 55(b)(2) because Plaintiff has not provided sufficient evidence for the Court to determine an appropriate sum to be awarded.

Under Rule 55(b)(2), the "determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F.Supp.2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Although the Court's entry of default against an absent

defendant establishes the defendant's liability, the Court is required to make an "independent determination of the sum to be awarded." *Id.* (citing *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C.2001)). Accordingly, Plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)).

Here, Plaintiff has not provided any affidavits from persons with personal knowledge of the costs due under the lease or any documentary evidence of such costs. Instead, Plaintiff relies on an affidavit from Plaintiff's attorney attesting to the total amount due under the lease; however, such an affidavit is insufficient because she lacks personal knowledge of the damages incurred by Plaintiff. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999) (noting that an affidavit by the plaintiff's lawyer who had no personal knowledge of the facts related to the damages was insufficient to ascertain damages with reasonable certainty and grant default judgment). Plaintiff also has not provided any documentary evidence—such as copies of bills, invoices, or records—that would indicate that Plaintiff incurred the damages itemized in Plaintiff's Complaint, which include costs for insurance, water, oil, trash removal, fire extinguisher, and electric. *See* Compl. ¶ 15. Plaintiff's statements in its Complaint as to these costs are also not sufficient evidence to prove Plaintiff's entitlement to damages. *See Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). Plaintiff has simply listed the dollar figures for these costs, without any explanation as to their calculation. *See* Compl. ¶ 15.

As noted above, Plaintiff also requests certain court costs and attorneys' fees. *See* Pl.'s Mot. at 1-2. As a preliminary matter, Plaintiff does not state a basis as to why Defendant owes

Plaintiff these costs. Therefore, it is unclear to the Court whether Plaintiff is arguing that Defendant should pay Plaintiff's litigation costs under the terms of the lease or under a separate legal theory. Second, the Court observes that Plaintiff's motion requests a judgment in the amount of $146,978.92, which includes $141,768.92 in damages in the form of unpaid rent, as well as a docketing fee of $400 and attorneys' fees of $4,810. *See* Pl.'s Mot. at 1-2. The Caggiano affidavit attached to Plaintiff's motion, however, lists an additional expense in the amount of $177 to effect service on Jason Rayford. Caggiano Aff. ¶¶ 4. It is therefore unclear to the Court whether the damages award sought by Plaintiff include the $177 fee to effect service.

### III. CONCLUSION

As Plaintiff has failed to provide sufficient evidence of the damages to which it claims that it is entitled, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Default Judgment. By no later than **December 30, 2015**, Plaintiff shall file a revised motion under Federal Rule of Civil Procedure 55(b)(2). If a revised motion is not filed, the Court shall dismiss the case without prejudice. In its revised motion, Plaintiff shall, at a minimum, (1) provide a sworn affidavit from Plaintiff, or another party with personal knowledge of the circumstances alleged in this case, attesting under oath to the itemized damages incurred by Plaintiff as a result of the breach of the Lease Agreement; (2) include a detailed explanation as to the calculation of each of the itemized damages incurred by Plaintiff; (3) identify the specific provisions in the Lease Agreement that provide the basis for each of the itemized damages incurred by Plaintiff as rent due under the lease as well as for attorneys' fees and court costs; and (4) include documentary evidence supporting a conclusion that Plaintiff in fact incurred the amount of damages alleged in Plaintiff's motion.

Finally, the Court observes that the pages 1-4 of the Lease Agreement filed with the Court as Exhibit A to the Complaint are difficult to read and/or illegible because the text is

blurred. Accordingly, the Court requests that Plaintiff furnish, as an exhibit to Plaintiff's revised motion, a clear and legible copy of the Lease Agreement.

An appropriate Order accompanies this memorandum opinion.

>                                    /s/
>                              **COLLEEN KOLLAR-KOTELLY**
>                              UNITED STATES DISTRICT JUDGE